UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.: 1:22-cr-00048 (CJN) |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| LAWRENCE "KAHELE" LUM KEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Federal campaign finance laws serve the dual purposes of prohibiting any one individual or corporation from gaining improper influence through excessive campaign contributions and providing transparency to voters and government regulators. When an individual seeks to use a "straw donor" to exceed the contribution limits, these purposes are thwarted, and the campaign finance system is undermined.

That is what happened here. Defendant Lawrence "Kahele" Lum Kee violated the provision of the Federal Election Campaign Act that ensures the disclosure of true donors. For this, he now carries the burden of a federal conviction. But for several reasons, discussed below, the United States believes that a term of probation sufficiently serves the interests of justice in this case. The United States respectfully submits this sentencing memorandum, and for the reasons discussed herein, joins with the defense in recommending a sentence of probation.

1

## I. Background

On April 24, 2023, Defendant Lum Kee entered a guilty plea to one count of making a contribution in the name of another, in violation of 52 U.S.C. §§ 30122 and 30109 (d)(1)(A)(i).

As detailed in the Superseding Information and Pre-Sentence Report, Lum Kee was the Controller and an accountant at Company A, a federal contractor servicing contracts for the United States Department of Defense. Candidate A was a candidate for the office of United States Senate in the 2020 election cycle. Campaign Committee A was Candidate A's authorized federal campaign committee.

On September 17, 2019, Defendant Lum Kee made a $5,600 contribution to Campaign Committee A, the maximum allowable amount by an individual in the 2020 campaign cycle (primary and general). On September 26, 2019, at the request of Lum Kee, Person A, a relative, contributed $5,600 to Campaign Committee A. Lum Kee then reimbursed Person A for the contribution using Company A's funds.

## II. Guidelines Calculations

The Defendant's Guidelines calculations set forth in the Presentence Investigation Report Dkt. 14, which the Government agrees with, are as follows:

| | |
|---|---|
| Base Offense Level | 8 (§ 2C1.8) |
| Use of Government Funds: | +2 (§ 2C1.8(b)(3) |
| Acceptance of Responsibility | -2 |
| **Total Offense Level:** | **8** |
| Criminal History Category I | 0 points |
| Guidelines Sentencing Range | 0-6 months |

### III.     Legal Principles

Section 3553(a) of Title l8 of the United States Code governs sentencing in federal criminal cases and provides that the Court shall consider, in relevant part: "the offense . . . the history and characteristics of the defendant. . . respect for the law. . . just punishment . . . adequate deterrence . . . the sentencing range ,. . and the need to avoid unwarranted sentencing disparities," all in imposing a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). When determining the appropriate sentence, a court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Gall*, 128 S. Ct. 586, 596 (2007).

### IV.     Sentencing Recommendation

The Government recommends a sentence of probation with no form of confinement.  With respect to Lum Kee's history and individual characteristics, the evidence makes clear that the illegal conduct that brings Lum Kee before the Court was an aberration in what was otherwise a consistent history of being a law-abiding citizen, and it appears unlikely that he will engage in future illegal conduct.

With respect to the charged offense, campaign finance laws serve the important purpose of transparency in elections, and their violations must be taken seriously. Lum Kee used a relative to make a conduit contribution in order to gain political favor with a U.S. Senator who could benefit Company A.  At the same time, the amount of the contribution was relatively low and there is no evidence that the contribution had any material effect on Company A's ability to obtain federal contracts.

A term of probation in this case is "sufficient, but not greater than necessary" to serve the § 3553(a) factors.  Lum Kee has already suffered a federal conviction, which, as the Pre-Sentence

Report notes, resulted in serious collateral consequences. [Dkt. No. 66, para. 87.] Lum Kee's loss of employment and significant income serves as adequate deterrence, and generally, to future federal contractors and donors, who are once again served notice that the Government will criminally prosecute those who violate their campaign finance laws.

Additionally, there is little risk of any sentencing disparities. Convictions for violations of FECA often involve more serious concealment, with higher dollar amounts, than the concealment and dollar amount here. Because Lum Kee has a Total Offense Level of eight, a Criminal History Category of I and falls within Zone B, a term of probation is authorized under United States Sentencing Commission's guidance. U.S.S.G. §5B1.1(a)(2).

Considering all of the sentencing factors, the Government joins with Lum Kee in recommending that the Court impose a probationary sentence.

### V. Conclusion

Based on the applicable Guidelines and a consideration of the sentencing factors provided in 18 U.S.C. § 3553(a), the Government recommends that the Defendant be sentenced to probation.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Joshua S. Rothstein*
Joshua S. Rothstein
N.Y. Bar Number 4453759
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-252-7164 (JSR), 202-252-6718 (MC)
Joshua.Rothstein@usdoj.gov